IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PATTI JO ANNUNCIATA MAIL, <br><br> Defendant. | CR 22-77-GF-BMM-JTJ <br><br> FINDINGS AND RECOMMENDATIONS |

## I.  Synopsis

Defendant PATTI JO ANNUNCIATA MAIL (Mail) has been accused of violating the conditions of her supervised release. (Docs. 246 and 248). Mail admitted the violations. Mail's supervised release should be revoked. Mail should be sentenced to Time Served, with 59 months of supervised release to follow. During the first 90 days of supervised release, Mail shall be placed at Passages, an in-patient substance abuse treatment facility in Billings, Montana.

## II.  Status

On January 2, 2023, Mail plead guilty to the offense of Kidnapping Of An Individual Under 18, in violation of 18 U.S.C. §§ 1201(a)(2), 1201(g), 1153(a) and 2 as charged in Count 1 of the Indictment. (Doc. 140). Mail was sentenced to 42

1

months of custody, followed by 5 years of supervised release. (Doc. 223). Mail's current term of supervised release began on November 26, 2025.

### Petition

On December 16, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Mail's supervised release. (Doc. 246) The Petition alleged Mail violated the conditions of her supervised release by: (1) consuming alcohol on or about between December 3-9, 2025; (2) using methamphetamine on December 3, 2025; and (3) failing to comply with substance abuse treatment on December 10, 2025.

### Amended Petition

On January 5, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Mail's supervised release. (Doc. 248). The Amended Petition alleged Mail violated the conditions of her supervised release by the added violations of: (4) failing to comply with substance abuse treatment on December 20, 2025 and December 30, 2025; (5) using methamphetamine on or about December 28, 2025; (6) consuming alcohol on December 30, 2025 and (7) failing to reside at her approved residence during November and December of 2025.

### Initial Appearance

Mail appeared before the Court on January 13, 2026. Mail was represented by counsel. Mail stated that she had read the Amended Petition and that she understood

the allegations against her. Mail waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation Hearing

Mail appeared before the Court on January 13, 2026. Mail admitted that she had violated the conditions of supervised release as set forth as allegations 1-7 in the Amended Petition. Mail's violations are serious and warrant revocation of her supervised release. The Court continued Mail's sentencing hearing until January 28, 2026.

### Sentencing hearing

Mail appeared before the Court on January 28, 2026. Mail's violations are Grade C. Her criminal history category is I. Mail's underlying offense is a Class A felony. Mail could be incarcerated for up to 60 months. Mail could be ordered to remain on supervised release for up to 60 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III.   Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Mail's supervised release should be revoked. Mail should be sentenced to Time Served, with 59 months of supervised release to follow. During the first 90 days of supervised release, Mail shall be placed at Passages, an in-patient substance abuse treatment facility in Billings, Montana. This sentence is sufficient but not greater than necessary.

## IV.    Conclusion

The Court informed Mail that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Mail of her right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Mail that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Mail stated that she wished to waive her right to object to these Findings and Recommendations, and that she wished to waive his right to allocute before Judge Morris.

The Court **FINDS**:

> That PATTI JO ANNUNCIATA MAIL has violated the conditions of her supervised release by: (1) consuming alcohol on or about between December 3-9, 2025; (2) testing positive for methamphetamine on December 4, 2025; (3) failing to comply with substance abuse treatment on December 10, 2025; (4) failing to comply with substance abuse treatment on December 20, 2025 and December 30, 2025; (5) using methamphetamine on December 28, 2025; (6) consuming alcohol on December 30, 2025 and (7) failing to reside at her approved residence during November and December of 2025.

> The Court **RECOMMENDS**:

> That the District Court revoke Mail's supervised release and sentence Mail to Time Served with 59 months of supervised release to follow. During the first 90 days of supervised release, Mail shall be placed at Passages, an in-patient substance abuse treatment facility in Billings, Montana.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 29th day of January 2026.

John Johnston
United States Magistrate Judge